UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex rel. HERSCHEL GLENN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 09 C 4322 |
| ) | |
| MARCUS HARDY, Warden ) | Judge Rebecca R. Pallmeyer |
| Stateville Correctional Center, ) | |
| Illinois Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Following a jury trial in June 1983, Petitioner Herschel Glenn ("Petitioner" or "Glenn") was convicted of first degree murder and sentenced to 70 years in prison. On July 19, 2009, Glenn filed the instant habeas petition pursuant to 28 U.S.C. § 2254. Respondent Marcus Hardy, Warden of the Stateville Correctional Center, has filed an answer to Glenn's petition in which he asserts that the motion is untimely under 28 U.S.C. § 2244(d)(1). Because the court agrees, as explained below, that Glenn's habeas petition is time-barred, the court need not reach Hardy's alternative arguments that the petition lacks merit.

## BACKGROUND

On June 16, 1983, following a jury trial, Petitioner Herschel Glenn was convicted of first degree murder.[1] The trial court sentenced Glenn to 70 years in prison, an extended term deemed appropriate based upon the court's finding that the offense Glenn committed "was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." (Judgment Order, Ex. A to Respondent's Answer to Pet. for Writ of Habeas Corpus (hereinafter "Answer").) On October 21,

---

[1] A lengthier recitation of the factual details from the trial is provided in the Illinois Appellate Court's opinion, *People v. Glenn*, 137 Ill. App. 3d 803, 484 N.E.2d 1204 (2d Dist. 1985).

1

1985, the Illinois Appellate Court affirmed Glenn's conviction.  On February 5, 1986, the Illinois Supreme Court denied his petition for leave to appeal ("PLA").  (Ex. D to Answer.)

More than fourteen years later, on November 15, 2000, Glenn filed a petition for post-conviction relief.  That petition was denied on February 13, 2001.  (Ex. F to Answer.)  Petitioner's motion to reconsider was denied a year later, on January 31, 2002.  (Ex. H to Answer.)  Petitioner filed a notice of appeal, but withdrew it in order to proceed with a state habeas corpus petition on July 18, 2002.  (Ex. I to Answer.)  That petition, too, was unsuccessful; it was dismissed on October 11, 2002 (Ex. J to Answer), and Glenn's motion to reconsider was denied on August 12, 2005.  On December 3, 2007, the Illinois Appellate Court affirmed that denial.  (Ex. N to Answer.)  Glenn again sought leave to appeal to the Illinois Supreme Court, but his petition was denied on May 29, 2008.  (Ex. P to Answer.)  On October 14, 2008, the United States Supreme Court denied Glenn's petition for a writ of *certiorari*.  (Ex. Q to Answer.)

On July 19, 2009, Glenn filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2254, arguing that his sentence is void under the Sixth and Fourteenth Amendments because it was "imposed without each fact necessary to prove the extended-term sentence being subject to proof beyond a reasonable doubt . . . ."  (Petition for Writ of Habeas Corpus (hereinafter, "Petition"), at 5-6.)  On January 26, 2010, this court ordered Petitioner to show cause why his petition should not be dismissed as untimely under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1).  (Minute Order, D.E. 3.)  In response, Petitioner filed a memorandum arguing that his petition is timely under  § 2244(d)(1)(C), which recognizes an exception to the general one-year statute of limitations rule where a habeas claim invokes a new constitutional rule.  Respondent Hardy notes, however, that Petitioner's claim relies on a constitutional rule that is not retroactively applicable to him.  The court agrees rwith Respondent that Glenn's petition is time-barred.

## **DISCUSSION**

**I.      Statute of Limitations**

AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The provision further states:

The limitation period shall run from the latest of—

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner's claim is, on its face, untimely: The Illinois Supreme Court denied his petition for leave to appeal from his conviction in 1986; Petitioner took no further action for fourteen years and did not file this petition until 2009. While AEDPA's statute of limitations begins to run once a petitioner's conviction becomes final, the Seventh Circuit has recognized a one-year grace period for federal habeas petitioners whose convictions became final before AEDPA's enactment on April 24, 1996. *Terry v. Gaetz*, No. 08-1183, 2009 WL 2382169, at *2 (7th Cir. Aug. 3, 2009). Moreover, AEDPA tolls the statute of limitations period while "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claims is pending . . . ." 28 U.S.C. § 2244(d)(2). Yet Petitioner Glenn cannot receive the benefit of either the one-year grace period or the statute's tolling period because his conviction became final when the

3

Illinois Supreme Court denied him leave to appeal in 1986, and he did not file a petition for state post-conviction relief until November 15, 2000.

## II. Petitioner's Claims are Time-Barred

Petitioner nevertheless urges that his claim can proceed under §2244(d)(1)(C) of AEDPA. Specifically, Petitioner argues that his sentence violates constitutional rules announced in *Blakely v. Washington*, 542 U.S. 296 (2004) and *In re Winship*, 397 U.S. 358 (1970), which together require that each element of a crime necessary to impose an extended-term sentence must be proved beyond a reasonable doubt. (Petitioner's Brief in Support of Timeliness (hereinafter, "Petitioner's Br."), at 5.) Respondent Hardy observes that it is *Apprendi v. New Jersey*, 530 U.S. 466 (2000) rather than *Blakely*, that governs Petitioner's claim; and, in any case, the holding in *Blakely* is not retroactive to cases on collateral review.

The court agrees with Respondent that the constitutional right that Petitioner invokes is indeed based primarily on *Apprendi*, where the Supreme Court held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Blakely*—a case brought pursuant to the Sixth, not Fifth, Amendment—later applied *Apprendi* to clarify that "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303. Here, Petitioner's underlying claim—that due process requires that each fact necessary to impose an extended-term sentence to be proved beyond a reasonable doubt—falls squarely within the province of *Apprendi*. Petitioner urges that *Apprendi* focused on claims involving "the Fourth Amendment Right to Notice . . . and the Sixth Amendment Right to Trial by Jury," whereas his claim arises under the Fifth Amendment (Petitioner's Br. at 8), but the court reads *Blakely* as an extension of the *Apprendi* rule, and reads Petitioner's claim as a challenge to the constitutionality of his sentence in light of that rule.

4

In any event, in order for Petitioner's claim to be timely under § 2244(d)(1)(C), he must not only demonstrate that he is invoking a new constitutional rule, but also that the Supreme Court has made that rule retroactively applicable. In *Tyler v. Cain*, the Supreme Court held that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." 533 U.S. 656, 663 (2001) (internal quotation marks omitted). The Seventh Circuit has held that *Apprendi* is not retroactively applicable to cases on collateral review, *Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002), and has observed that the Supreme Court has yet to determine whether the *Blakely* rule applies retroactively on collateral review. *See Hong v. Sims*, No. 06-3333, 2007 WL 851273, at *2 (7th Cir. March 21, 2007); *Simpson v. U.S.*, 376 F.3d 679, 681 (7th Cir. 2004). Other Circuits, similarly, have declined to apply the *Blakely* holding retroactively. *United States v. Hernandez*, 436 F.3d 851, 855 (8th Cir. 2006); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005); *Schardt v. Payne*, 414 F.3d 1025, 1034-38 (9th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005).

Finally, the court notes that even if Petitioner could invoke *Apprendi* or *Blakely*, his petition would be untimely. He did not file his case here until 2009, five years after *Blakely* and nine years after *Apprendi*. Thus, whether we mark the time from *Apprendi* or *Blakely,* "'the date on which the constitutional right asserted was initially recognized by the Supreme Court' is more than a year before [Petitiomer] filed [his] application." *See Johnson v. Robert*, 431 F.3d 992, 992 (7th Cir. 2005) (quoting § 2244(d)(1)(C)).

Petitioner cannot rely upon § 2244(d)(1)(C) to save his petition under AEPDA. The court concludes it is time-barred.

## **CONCLUSION**

For the reasons explained above, Glenn's habeas petition [1] is dismissed as time-barred.

ENTER:

*[signature]*

5

Dated: November 15, 2010    _____
　　　　　　　　　　　　　　　　　　　　REBECCA R. PALLMEYER
　　　　　　　　　　　　　　　　　　　　United States District Judge